IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
JACKSON DIVISION

ROY LEE NICHOLSON, county jail inmate #032602            PLAINTIFF

VERSUS                       CIVIL ACTION NO. 3:08-cv-212-HTW-LRA

VINCENT WILLIAMS AND
JOHN DOES                                                DEFENDANTS

## MEMORANDUM OPINION AND ORDER

This cause is before the court, *sua sponte*, for consideration of dismissal. Plaintiff, Roy Lee Nicholson, filed this complaint pursuant to Title 42 U.S.C. § 1983 and sought as relief monetary damages. Plaintiff is a pretrial detainee incarcerated in the Hinds County Detention Center. The named Defendants are Vincent Williams and John Does.

Plaintiff states that Defendant Williams and unknown Defendants conspired to arrest and imprison the Plaintiff by filing an incorrect affidavit. Plaintiff alleges that neither Deputy Williams nor the unknown Defendants were the "complaining witness" on the affidavit. [1 at p.4].

### Analysis

The Prison Litigation Reform Act, Title 28 U.S.C. § 1915(e)(2) (as amended), applies to prisoner proceedings *in forma pauperis* and provides that "the court shall dismiss the case at any time if the court determines that . . .(B) the action or appeal -- (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." Since the Plaintiff was granted *in forma pauperis* status, § 1915(e)(2) applies to the instant case. As discussed below, the Plaintiff's § 1983 action at this time fails to state a claim on which relief may be granted.

The Plaintiff seeks to prove that his arrest and imprisonment were a result of an incorrect affidavit and therefore he is entitled to redress. For the reasons described below, this Court finds that the Plaintiff's claims of false arrest and false imprisonment under § 1983 are precluded by the Supreme Court's ruling in *Heck v. Humphrey*, 512 U.S. 477 (1994).

In *Heck*, the Court addressed whether a claim for monetary damages which essentially challenges the Plaintiff's conviction or imprisonment is cognizable under Title 42 U.S.C. § 1983. The Court held that such a claim is not cognizable under that statute:

> [I]n order to recover damages for allegedly unconstitutional conviction or *imprisonment*, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254. A claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under § 1983. Thus, when a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily *imply* the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated. But if the district court determines that the plaintiff's action, even if successful, will not demonstrate the invalidity of any outstanding criminal judgment against the plaintiff, the action should be allowed to proceed, in the absence of some other bar to the suit.

*Id.* at 486-87 (footnotes omitted); *see also Boyd v. Biggers*, 31 F.3d 279, 284-85 (5th Cir. 1994).

The Fifth Circuit has applied the holding of *Heck* in a suit brought pursuant to § 1983 by an arrestee. *Wells v. Bonner*, 45 F.3d 90 (5th Cir. 1995).[1] The Plaintiff in *Wells* asserted

---

[1] Plaintiff Wells was arrested and charged with resisting a search and disorderly conduct. The disorderly conduct charge was dropped before trial and Wells was prosecuted and convicted on the charge of resisting a search. *Wells* at 93.

claims for malicious prosecution, false arrest, and excessive force. *Id.* at 92. Specifically addressing the false arrest claim asserted by the Plaintiff, the court stated, "[i]t is immediately clear that ... the rationale of *Heck* precludes [the plaintiff's] claim of false arrest." *Id.* at 95. Plaintiff Nicholson is essentially challenging his confinement by asserting a claim for false arrest or false imprisonment. This Court finds that if the Plaintiff were to be successful in this cause of action and awarded monetary damages for his imprisonment, it would necessarily imply the invalidity of his current confinement. Therefore, to the extent the Plaintiff is challenging the fact of his confinement and imprisonment and requesting monetary damages as relief, he is barred from proceeding under Title 42 U.S.C. § 1983 at this time.[2]

## Conclusion

As discussed above, the Plaintiff's claims for false arrest and false imprisonment are not cognizable under Title 42 U.S.C. § 1983. Consequently, this complaint will be dismissed for failure to state a claim upon which relief may be granted, with prejudice, under Title 28 U.S.C. § 1915 (e)(2)(B)(ii).

## Three-strikes provision

Since this case shall be dismissed pursuant to Title 28 U.S.C. § 1915 (e)(2)(B)(ii),[3] it

---

[2] "Plaintiff's claims are dismissed with prejudice to their being asserted again until the *Heck* conditions are met." *Johnson v. McElveen*, 101 F.3d 423, 424 (5th Cir. 1996).

[3] Title 28 Section 1915(g) states:

> "[i]n no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent

will counted as a "strike." If the Plaintiff receives "three strikes" he will be denied *in forma pauperis* status and will be required to pay the full filing fee to file a civil action or appeal.

A final judgment in accordance with this Memorandum Opinion and Order will be entered.

SO ORDERED, this the 25th day of April, 2008.

           s/ HENRY T. WINGATE
           CHIEF UNITED STATES DISTRICT JUDGE

Civil Action No. 3:08-cv-212 HTW-LRA
Memorandum Opinion and Order

---

danger of serious physical injury."